**Nardei Enterprises v. Cuoy**

*Richard J. Antonelli,* for plaintiffs.
*Maurice A. Nernberg,* for defendants.

FRIEDMAN, *J.,* November 17, 1995—

## INTRODUCTION

The captioned matter first came before the undersigned on February 6, 1992, when plaintiffs presented their motion for preliminary injunction, which was ancillary to a complaint in equity filed on January 17, 1992, simultaneously with its complaint in equity. The gist of plaintiffs' complaint in equity and motion for preliminary injunction was that an arbitration scheduled for February 18, 1992 should be enjoined. That arbitration, *according to plaintiffs' complaint,* paragraphs 23-24, was scheduled pursuant to an order issued on June 28, 1989 by the Honorable Silvestri Silvestri, then also of this court, in an earlier proceeding at GD 87-12950 (involving the same parties with their roles as plaintiff and defendant reversed). In paragraphs 25-28 of plaintiffs' complaint in the instant case, plaintiffs assert that Judge Silvestri was wrong when he issued the order and asks this court to enjoin the arbitration that would comply with his order. The court record of GD 87-12950 reflects that both the Superior Court and the Supreme Court refused to consider the appeal of instant plaintiffs (defendants therein) from Judge Silvestri's order.

On February 7, 1992, after review of the law submitted by plaintiffs, the undersigned refused to grant the plaintiffs' motion for preliminary injunction and instead is-

sued an order granting defendants' motions to cancel hearing date and to deny request for preliminary injunction. Although the denial of preliminary relief was an appealable event, plaintiffs did *not* appeal that ruling.

By the same order of February 7, 1992, the defendants' motion for counsel fees was referred to the Honorable R. Stanton Wettick Jr., in the apparently mistaken belief that he should handle that request. That motion eventually was returned to the undersigned for decision. After argument and briefs, an order was issued on June 26, 1992, granting the defendants' motion for counsel fees and setting a schedule for filing affidavits so that the proper amount of the award could be determined. Although this order was clearly interlocutory and not appealable, plaintiffs appealed. The Superior Court, by order dated October 9, 1992, quashed the appeal and remanded the matter to this court and the undersigned for determination of the proper amount of the counsel fee award. It should also be noted that the Pennsylvania Superior Court, in quashing plaintiffs' appeal from the interlocutory order of the undersigned entered on June 26, 1992, directed that fees for that frivolous appeal also be awarded by the undersigned. The merits of this award are separable from the original ruling of the undersigned. There is no doubt that the order of June 26, 1992 was interlocutory and non-appealable. Therefore, even if plaintiffs were eventually to prevail on the merits of that underlying order, their appeal therefrom was nevertheless premature and, as the Superior Court has already ruled, frivolous. This segment of counsel fees can and will therefore be treated as a separate matter in accordance with an order which will be filed at a later date.

The undersigned next issued an order dated October 20, 1992, setting a schedule regarding defendants' mo-

tion to permit discovery with respect to issue of counsel fees, which had been filed while the interlocutory appeal was pending. Counsel for both parties later agreed to extend the briefing schedule set by the court so that they could pursue settlement. After a memorandum from the court dated February 9, 1993 inquiring about the status of their settlement efforts, counsel for both parties on February 24, 1993 asked the court to "hold in abeyance any further action on the outstanding issues before [it]." The court made periodic inquiries during the next two years or so and was told each time that settlement discussions were still ongoing.

Earlier in 1995 it became evident that the court would have to decide the motion for counsel fees after all, although the motion to permit discovery was said to have been resolved. The affidavit of defendants' attorney setting forth the amounts claimed and the counter-affidavit of the plaintiffs' attorney were re-reviewed, but, because of the press of business, the court was unable to draft a final version of this memorandum and the attached order until very recently.

The court has concluded that the amount of counsel fees claimed by defendants ($7,623.80) is somewhat high and the amount suggested by plaintiffs ($1,000-$1,500) is much too low.

## DISCUSSION

According to their counter-affidavit, plaintiffs' counsel do not question the hourly rates charged for the time of Mr. Nernberg ($185), Ms. LeComte ($100), or Mr. Cooney ($150), nor do they question the unitemized costs ($135.05). However, plaintiffs' counsel do object to the inclusion of the separate charge for secretarial services. The court agrees such charges are inappropriate and not separately recoverable.

The following amounts of time spent *in court* by both attorneys for plaintiff and defendant are not disputed:

| | |
|---|---|
| January 30, 1992 | 2 hours |
| February 6, 1992 | 1 1/2 hours |

In addition, it is undisputed that defendants' attorney prepared and filed the following documents in response to plaintiffs' motion for special and/or preliminary injunction (which this court had previously found so frivolous as to warrant the award of counsel fees):

— Emergency motion to dismiss

— Brief in opposition to plaintiffs' motion

— Motion for counsel fees

— Brief in support of motion for counsel fees

It is also undisputed by plaintiffs' attorneys in their counter-affidavit that four hours were expended on March 6, 1992, related to court appearances in this case before Judge Wettick (as previously ordered by the undersigned on February 7, 1992) and Judge Musmanno. Even though this work was not specified in the court's order of June 26, 1992, it is within the contemplation of that order and the court concludes it should be included in the award.

The hours expended in April by Mr. Nernberg and Ms. LeComte, being unitemized, are not clearly or even apparently covered by the court's order of June 26, 1992, so those fees will not be included in the award.

Based on the affidavit of defendants and the counter-affidavits of plaintiffs, the court finds the following number of hours to be reasonable for the preparation and execution of defendants' various responses to the frivolous litigation instituted by plaintiffs:

| January | Mr. Nernberg | 4.25 hours |
|---|---|---|
| | Mr. Cooney | 1.50 hours |

| | | |
|---|---|---|
| February | Mr. Nernberg | |
| | —In Court | 1.50 hours |
| | Preparation of Defendants' Emergency Motion to Cancel Hearing Date, to Deny Request for Preliminary Injunction and to Dismiss Complaint | 7 hours |
| March | Mr. Nernberg Court appearances before Judge Wettick and Judge Musmanno | 4 hours |
| April | Mr. Nernberg | 0 hours |
| | Ms. LeComte | 0 hours |
| | Mr. Nernberg Preparation of Affidavit per Order of June 26, 1992 | 2 hours |

The total amount of the award of counsel fees to defendants payable by Buchanan Ingersoll, attorneys for plaintiffs, is therefore $3,828.80 (18.75 hours x $185 for Mr. Nernberg plus 1.5 hours x $150 for Mr. Cooney plus costs of $135.05). See order attached hereto.

## ORDER

And now, to-wit, November 17, 1995, the court, in accordance with the request of the parties, having deferred ruling on the amount of counsel fees to which defendants are entitled, and the parties having now requested a ruling, their settlement efforts having failed, it is hereby ordered as follows:

(1) The defendants' motion to permit discovery is moot, the parties having resolved this themselves ac-

cording to defendants' letter to the court dated April 13, 1995.

(2) For the reasons stated in the attached memorandum in support of order, plaintiffs' attorneys, Buchanan Ingersoll, P.C., are hereby directed to pay to Nernberg and Laffey, attorneys for defendants, within 30 days of the date hereof, the sum of $3,828.80 for payment of the reasonable counsel fees and costs attributable to the frivolous motion for preliminary injunction filed by plaintiffs in the captioned matter.